UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE L. SANDOVAL,<br><br>        Plaintiff,<br>v.<br><br>T. MOBILE,<br><br>        Defendant. | Civil No. 10cv1393 JAH (BGS)<br><br>**ORDER *SUA SPONTE* DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM AND DENYING MOTIONS TO PROCEED *IN FORMA PAUPERIS* AND FOR APPOINTMENT OF COUNSEL AS MOOT** |

On July 2, 2010, plaintiff Grace Sandoval ("plaintff"), proceeding *pro se*, filed a complaint seeking relief against defendant T. Mobile, along with a motion to proceed *in forma pauperis* and a motion for appointment of counsel. *See* Docs. # 1-3. All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See* Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person seeking to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B);

1  Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C.
2  § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126-27
3  (9th Cir. 2000) (en banc).  28 U.S.C. § 1915(e)(2) mandates that the Court reviewing a
4  complaint filed pursuant to the *in forma pauperis* provisions of Section 1915 make and rule
5  on its own motion to dismiss before directing that the complaint be served by the United
6  States Marshal pursuant to Fed. R. Civ. P. 4(c)(2).  Lopez, 203 F.3d at 1127.

7  This Court finds the instant complaint fails to state a basis for federal court subject
8  matter jurisdiction, subjecting the complaint to *sua sponte* dismissal pursuant to
9  Rule 12(h)(3) of the Federal Rules of Civil Procedure.  *See* California Diversified
10 Promotions, Inc. v. Musick, 505 F.2d 278, 280 (9th Cir. 1974)(it is well settled that a
11 court can dismiss a complaint *sua sponte* for lack of jurisdiction).  Plaintiff's complaint
12 alleges that defendant "T. Mobile has not disconnected my telephone cellular number ...
13 [and] has continued to bill" plaintiff even though plaintiff is unemployed and unable to
14 pay for cellular service.  Compl. at 1-2.  However, plaintiff does not indicate how these
15 facts invoke federal jurisdiction.  Although plaintiff checked the "federal question" box on
16 her civil cover sheet, to invoke federal question jurisdiction, the complaint must allege that
17 the "action[] aris[es] under the Constitution, laws, or treaties of the United States."  28
18 U.S.C. § 1331.  Plaintiff's complaint does not so allege.  Thus, absent an averment, federal
19 question jurisdiction is lacking and the complaint must be dismissed pursuant to
20 Rule 12(h)(3).

21 **CONCLUSION AND ORDER**

22 Based on the foregoing, IT IS HEREBY ORDERED that:

23 1.  The instant complaint is *sua sponte* **DISMISSED** for lack of subject matter
24     jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil
25     Procedure;
26 //
27 //
28 //

2. Plaintiff's motion to proceed *in forma pauperis* is **DENIED as moot**; and

3. Plaintiff's motion for appointment of counsel is **DENIED as moot**.

Dated: July 26, 2010

_____
JOHN A. HOUSTON
United States District Judge